ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 JUN 22 P 12: 42
CLERK J. Burton

| | |
|---|---|
| RICHARD WHITEHEAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 106-197 |
| ) | (Formerly CR 104-016) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The captioned case is before the Court on Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

**A. Procedural History**

On September 23, 2004, Petitioner pled guilty to conspiracy to possess with intent to distribute over five kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 846. CR 104-016, doc. nos. 125, 203. Petitioner was represented by appointed counsel, Mr. Victor Hawk. On January 20, 2005, the Honorable Dudley H. Bowen, Jr., United States District Judge, conducted a sentencing hearing and sentenced Petitioner to 188 months of imprisonment. Judge Bowen entered the judgment on January 27, 2005. Id., doc. no. 242.

Petitioner did not file a direct appeal, but did timely-file the instant § 2255 motion.[1] (Doc. no. 1).

**B. Issues Raised**

Petitioner initially contended that his counsel was ineffective for: (1) failing to file a notice of appeal; (2) not calling the Court's attention to the extent of his cooperation, which resulted in no U.S.S.G. § 5K1.1 motion being filed on his behalf; (3) failing to challenge the criminal history category assigned to him in the pre-sentence investigation report ("PSI"); (4) failing to object to the Court's denial of the U.S.S.G. § 3E1.1 reduction on the basis that Petitioner was exposed to second hand marijuana smoke at a family barbecue; (5) failing to file an objection to the drug quantity assigned to him in the PSI and attributed to him at sentencing; (6) failing to be present during post-indictment interviews by the government and during his testimony before a federal grand jury; and (7) failing to be present during two pre-sentence interviews with the probation officer. (Doc. no. 1, pp. 4-6). In light of the government's response to the § 2255 motion, Petitioner withdrew grounds 3, 4, and 5. (Doc. no. 4).

On May 31, 2007, the Court held an evidentiary hearing to resolve the issue of whether Petitioner requested that Mr. Hawk file a notice of appeal. (See doc. nos. 8, 9). At the hearing Petitioner indicated that, while he wished to proceed regarding the notice of

---

[1] Although Petitioner purportedly executed the instant § 2255 motion on January 18, 2006, the motion was not filed with the Clerk of Court until December 11, 2006. (See doc. no. 1, p. 5). However, the government concedes that the motion was timely-filed based upon the mailbox rule. See, e.g., Gracey v. U.S., 131 Fed. Appx. 180, 181 (11th Cir. 2005). According to institutional mail records, the § 2255 motion was sent via certified mail but was returned to the Federal Correctional Institution in Ashland, Kentucky, as undeliverable because it had been addressed after the date Petitioner left the institution on a federal writ of habeas corpus. (See doc. no. 3, p. 4 n.1). The motion was held by the facility and then re-sent after Petitioner returned to the facility on November 29, 2006. (Id.).

appeal issue, he was withdrawing the remaining grounds set forth in his petition.[2] The Court then heard testimony from Ms. Brenda Jones, Petitioner, Ms. Rosa Lovett, and Mr. Hawk.[3]

## II. FACTS

At the evidentiary hearing, Ms. Jones testified that at the time of Petitioner's conviction, she was his girlfriend and was present for all of his criminal proceedings. She stated that she spoke with Mr. Hawk immediately following Petitioner's sentencing hearing and that she went to visit Mr. Hawk at his office on one subsequent occasion. The substance of Ms. Jones's conversations with Mr. Hawk immediately following the sentencing hearing, and during her visit to his office, related to the possibility of a Rule 35 motion for a sentence reduction being filed by the government on Petitioner's behalf. During Ms. Jones's visit to Mr. Hawk's office, which was the last time she spoke with Mr. Hawk, he informed her that his rate for facilitating the filing of a Rule 35 motion on Petitioner's behalf would be $7,000.

---

[2] Regardless, Petitioner would not be entitled to relief on any of the remaining grounds in his petition. Petitioner's plea agreement indicates that the government agreed to file "a motion for downward departure . . . or a motion for reduction of sentence . . . if the government, in its sole discretion, determines hereafter that the defendant renders substantial assistance in the investigation and prosecution of others." CR 104-016, doc. no. 201, p. 2 (emphasis added). Based upon the level of cooperation provided by Petitioner, the government exercised its discretion and determined that a motion for downward departure was not appropriate. Mr. Hawk's arguments, or lack thereof, related to this matter are irrelevant. Additionally, even if the interviews complained of occurred during a critical stage of the criminal proceedings, Petitioner cannot show any prejudice. Petitioner was not charged with any additional criminal acts which came to light during the interviews and, when meeting with the probation officer, he was required to speak truthfully and maintain acceptance of responsibility based upon the terms of his plea agreement (see id. at 1-2). See Strickland v. Washington, 466 U.S. 668, 688 (1984) (holding that a petitioner asserting ineffective assistance must show that "counsel's representation fell below an objective standard of reasonableness" and that any such deficient performance actually prejudiced the petitioner's case).

[3] The Court appointed Mr. Henry Nelson Crane, III, for the limited purpose of representing Petitioner at the hearing. (Doc. no. 7).

3

Ms. Jones stated that she wrote Petitioner a letter relaying the substance of this meeting. She also stated that she does not remember ever speaking with Mr. Hawk regarding the filing of an appeal, and that she only spoke to him regarding the filing of a motion for a reduction of sentence.

Petitioner testified at the hearing that after Judge Bowen imposed his sentence, he was immediately taken away by the United States Marshals. He stated that once he arrived at the detention facility, he wrote letters to Mr. Hawk and placed phone calls to his office. He stated that, while he never spoke to Mr. Hawk directly, he left messages with Mr. Hawk's secretary stating that he was calling in regard to the letters he had written which requested that Mr. Hawk file an appeal on his behalf. Petitioner stated that he subsequently wrote a letter to Ms. Jones requesting that she instruct Mr. Hawk to file an appeal because he could not get in touch with Mr. Hawk directly. Of note, Petitioner could not produce any letters which indicated that he wished to appeal his sentence.

Ms. Lovett, Petitioner's sister, also testified at the evidentiary hearing. She stated that she spoke with Mr. Hawk immediately following the sentencing hearing. During this meeting, Mr. Hawk explained that the government may file a Rule 35 motion for a reduction of sentence on Petitioner's behalf. However, Ms. Lovett stated that she never spoke with Mr. Hawk regarding the filing of an appeal.

Lastly, the Court heard testimony from Mr. Hawk. Mr. Hawk testified that he did, in fact, have an opportunity to speak with Petitioner immediately following the sentencing hearing. Petitioner asked Mr. Hawk if there was anything that he could appeal regarding his sentence or whether he could have his sentence reduced. Mr. Hawk responded that, in his

4

opinion, there was no basis for an appeal because the Court was within its discretion to take away Petitioner's acceptance of responsibility, Petitioner was sentenced within the Federal Sentencing Guidelines range, and no erroneous material was included within the PSI. Mr. Hawk also stated that a Rule 35 motion for a reduction of Petitioner's sentence would be filed at the government's discretion based upon the extent of Petitioner's assistance. Mr. Hawk testified that during this meeting, Petitioner never instructed him to file an appeal. Mr. Hawk stated that he did speak with Ms. Jones and members of Petitioner's family after the sentencing hearing, but all of these discussions related to the filing of a Rule 35 motion. An appeal of Petitioner's sentence was never discussed.

Mr. Hawk also testified that a review of his records did not reveal any letters or phone messages which indicated that Petitioner wished to file a notice of appeal. Furthermore, Mr. Hawk affirmatively stated that it is the practice of his office to immediately file a notice of appeal if a defendant, or anyone acting of behalf of a defendant, requests such. In this regard, if his secretary took a message relating to the filing of a notice of appeal, the secretary would immediately prepare the notice which would subsequently be signed and filed with the appropriate court.

Having set forth the relevant background and the factual contentions at issue, the Court resolves the matter as follows.

### III. DISCUSSION

Petitioner's § 2255 motion alleges that, in accordance with his instructions, Ms. Jones "telephone[d] [Mr. Hawk] to inform him that [] Petitioner wanted to appeal his sentence. . . . . After being informed of Petitioner's wishes [Mr. Hawk] assured Ms. Jones that he would

opinion, there was no basis for an appeal because the Court was within its discretion to take away Petitioner's acceptance of responsibility, Petitioner was sentenced within the Federal Sentencing Guidelines range, and no erroneous material was included within the PSI. Mr. Hawk also stated that a Rule 35 motion for a reduction of Petitioner's sentence would be filed at the government's discretion based upon the extent of Petitioner's assistance. Mr. Hawk testified that during this meeting, Petitioner never instructed him to file an appeal. Mr. Hawk stated that he did speak with Ms. Jones and members of Petitioner's family after the sentencing hearing, but all of these discussions related to the filing of a Rule 35 motion. An appeal of Petitioner's sentence was never discussed.

Mr. Hawk also testified that a review of his records did not reveal any letters or phone messages which indicated that Petitioner wished to file a notice of appeal. Furthermore, Mr. Hawk affirmatively stated that it is the practice of his office to immediately file a notice of appeal if a defendant, or anyone acting of behalf of a defendant, requests such. In this regard, if his secretary took a message relating to the filing of a notice of appeal, the secretary would immediately prepare the notice which would subsequently be signed and filed with the appropriate court.

Having set forth the relevant background and the factual contentions at issue, the Court resolves the matter as follows.

### III. DISCUSSION

Petitioner's § 2255 motion alleges that, in accordance with his instructions, Ms. Jones "telephone[d] [Mr. Hawk] to inform him that [] Petitioner wanted to appeal his sentence. . . . . After being informed of Petitioner's wishes [Mr. Hawk] assured Ms. Jones that he would

consult with . . . Petitioner . . . [but Mr. Hawk] did [not do] so." (Doc. no. 1, p. 4). Thus, Petitioner asserts that Mr. Hawk failed to file a notice of appeal despite being given explicit instructions from Petitioner to do so. Before addressing this claim, the Court will explain the applicable principles of law.

Cases in which a criminal defendant explicitly instructs his attorney to file a notice of appeal are subject to a bright-line rule. "[A]n attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that there would have been any viable grounds for an appeal." Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995) (*per curiam*); see also Roe v. Flores-Ortega, 528 U.S. 470, 477-78 (2000) (holding that it is professionally unreasonable for an attorney to fail to follow a defendant's express instructions with respect to an appeal). Thus, if the Court determines that Mr. Hawk failed to honor a request to file a notice of appeal, it must grant Petitioner's § 2255 motion on that ground.

In this case, the threshold issue relates to credibility. Particularly, the Court must weigh the testimony of Mr. Hawk against the self-serving allegations of Petitioner. Generally, when the testimony conflicts, the Court, as fact finder and "ultimate judge of the credibility and demeanor of witnesses," must believe one witness over the other. McCoy v. Newsome, 953 F.2d 1252, 1262 (11th Cir. 1992) (*per curiam*). More specifically, the determination of the credibility of a testifying attorney during an evidentiary hearing on a claim of ineffective assistance of counsel is a matter within the Court's good discretion. See Carr v. Schofield, 364 F.3d 1246, 1264-65 (11th Cir. 2004).

Here, the Court specifically credits the testimony of Mr. Hawk over that of Petitioner. Mr. Hawk, who has practiced as a criminal defense attorney for over twenty years, is well-known to the Court and has demonstrated himself to be an ethical and zealous advocate for his clients. Any notion that Mr. Hawk would ignore a specific request that he file a notice of appeal on Petitioner's behalf and then lie to the Court about this circumstance is incredible.

At the evidentiary hearing, Mr. Hawk consistently maintained that he never received any communications from Petitioner instructing him to file an appeal. Mr. Hawk also testified that Petitioner was made aware of his right to appeal and had ample opportunity to request that a notice of appeal be filed before the time in which to appeal expired. Mr. Hawk also gave an account of the substance of his communications with Ms. Jones and Ms. Lovett following the sentencing hearing, firmly recalling that these communications only related to a Rule 35 motion for a reduction of sentence. Mr. Hawk's recollection of these communications was corroborated by the testimony of Ms. Jones and Ms. Lovett. In this regard, the Court notes that the allegations contained within Petitioner's § 2255 motion are contradicted by Petitioner's own witness, Ms. Jones, who stated that she did not remember ever relaying any information to Mr. Hawk regarding the filing of an appeal. Thus, the allegations contained within Petitioner's motion are affirmatively contradicted by the corroborated testimony of Mr. Hawk, Ms. Jones, and Ms. Lovett, and the Court will not credit Petitioner's self-serving testimony on this issue.

As such, Petitioner is left with his unsupported assertions, first set forth at the evidentiary hearing, that he wrote letters to Mr. Hawk following his sentencing hearing

7

which stated that he wished to file an appeal; Petitioner also maintains that he left phone messages at Mr. Hawk's office inquiring into whether Mr. Hawk received his letters which directed Mr. Hawk to file a notice of appeal. However, Petitioner's claims are severely undermined by the fact that he could not produce a copy of any letter sent to Mr. Hawk directing him to file a notice of appeal, that Mr. Hawk's review of his records did not reveal any letter or any phone messages referencing any such letter, and Mr. Hawk's testimony that the practice in his office is to immediately file a notice of appeal upon receiving a request to file an appeal by a defendant or an individual acting on a defendant's behalf. In light of these considerations, and the noted contradictions between the allegations set forth in Petitioner's § 2255 motion and the testimony presented at the hearing, the Court **FINDS** that Petitioner never requested that Mr. Hawk file an appeal directly or through a friend or family member.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner is not entitled to relief under § 2255. The Court therefore **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 22nd day of June, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8